IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,517-01 & -02






EX PARTE DENNIS RAY ETHEL, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 15014B & 15016B IN THE 12TH DISTRICT COURT


FROM GRIMES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated robbery and sentenced to two terms of ninety-two years' imprisonment. The
Fourteenth Court of Appeals affirmed his convictions. Ethel v. State, Nos. 14-04-00093-CR & 14-04-00094-CR (Tex. App.-Houston [14th Dist.] 2005, no pet.). 

 On February 7, 2007, we remanded these applications and directed the trial court to make
findings of fact and conclusions of law as to whether trial counsel rendered ineffective assistance.
On July 25, 2007, we reminded the trial court in a letter that its findings and conclusions were due
on June 7, 2007. After granting the trial court a sixty-day extension, we sent a second reminder letter
to the trial court on September 16, 2008. On November 20, 2008, we then received Applicant's
motions for an indefinite extension of time. We denied his motions in a written order and explained
that he was not precluded from supplementing and amending his applications on remand and that
the trial court did not have a ministerial duty to make findings and conclusions on his supplemental
claims. Finally, on March 11, 2009, we issued a third order directing the trial court to make and
forward its findings and conclusions to this Court within 60 days of the date of the order. 

 On May 5th, we received a supplemental record, but no findings and conclusions were
forwarded with the record. As we noted in our March 11th order, these applications have been
pending in the trial court on remand for over two years. This delay is unreasonable. These
applications will continue to be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of the date of this order. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 75 days of the date of this order. No extensions of time shall be
granted.

 

 

Filed: November 25, 2009


Do not publish